IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CRIMINAL NO. 4:21-CR-342-SDJ-KPJ-1 |
| MICHAEL MCCONICO (1) | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 9, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Assistant Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Chris Eason.

On October 19, 2020, United States District Judge Sam A. Lindsay sentenced Defendant to a term of thirty-six (36) months imprisonment followed by three (3) years of supervised release. *See* Dkts. 2, 7. On September 15, 2021, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkts. 2, 7. On December 22, 2021, Judge Lindsay ordered the jurisdiction of supervised release be transferred to the Eastern District of Texas. *See* Dkt. 1.

On January 12, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (Dkt. 2), alleging Defendant violated four conditions of supervised release. *See id.* On June 28, 2023, the U.S. Probation Officer filed the First Amended Petition for Warrant or Summons for Offender under Supervision (the "Amended Petition") (Dkt. 7), alleging Defendant violated six conditions of supervised release. *See id.* The Amended Petition asserts

1

Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state or local crime; (2) Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers); (3) Defendant must refrain from any unlawful use of a controlled substance; (4) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (5) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so; and (6) Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month. *See id.*

    The Amended Petition asserts Defendant violated the foregoing condition as follows:

(1) On December 14, 2021, Defendant was arrested by the Oak Ridge, Texas, Police Department and charged with the offense of Evading Arrest or Detention with a Previous Conviction (Felony) in violation of Texas Penal Code § 38.04. On June 15, 2023, Defendant pled guilty and was sentenced in Criminal District Court No. 5 in Dallas County, Texas, to 3-years probation under Case No. F-22-70145.

On February 26, 2022, Defendant was charged with the felony offense of Aggravated Robbery by the Dallas Police Department, in violation of Texas Penal Code § 29.03. The arrest report indicated Defendant kicked open the door of a residence and pointed a handgun at the complainant and asked if she was really going to make him do this. While on the phone with police, Defendant wrapped his right arm around her neck from behind, pulled her hair and pulled her down to the ground. On June 15, 2023, Defendant pled guilty and was sentenced in Criminal District Court No. 5 in Dallas County, Texas to 5-years probation under Case No. F-22-75324.

(2) Same as allegation 1 above.

(3) On September 20, 2021, October 5, 2021, and November 4, 2021, Defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for marijuana. The specimens were forwarded to Alere Toxicology, Inc., and were confirmed positive on all (3) specimens for marijuana use.

(4) Defendant failed to submit monthly supervision reports for the months of September, October, November, and December 2021.

(5) Defendant failed to obtain employment for the months of September, October, November, and December 2021.

(6) On September 20, 2021, Defendant was referred to Fletcher Counseling for a substance abuse assessment to be completed. Defendant failed to complete his substance abuse assessment as instructed.

On August 9, 2023, the Court conducted a final revocation hearing on the Amended Petition. *See* Minute Entry for August 9, 2023. Defendant entered a plea of true to allegations one through six, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 17. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 9, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to run consecutively to any other term of imprisonment, with no term of supervised release to follow.

**So ORDERED and SIGNED this 9th day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

3